Exhibit

A

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022
RECEIVED NYSCEF: 06/30/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WILLIAM WHITE and YVETTE WHITE,

      Plaintiffs,

v.

WAL-MART STORES EAST, LP and WALMART INC.,
individually and doing business as WALMART,

      Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUMMONS**

Plaintiff designates
ORANGE COUNTY as
the place of trial.

The basis of venue is the
residence of Plaintiffs to
this action at 2314
Whispering Hills Chester,
New York 10918.

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys an

answer to the complaint in this action within twenty (20) days after the service of this summons,

exclusive of the date of service, or within thirty (30) days after service is complete if this

summons is not personally delivered to you within the State of New York. In case of your failure

to answer, judgment will be taken by default for the relief demanded in the complaint.

DATED:    New York, New York
           June 28, 2022

                       **MORGAN & MORGAN NY PLLC**

                  By: */s/ Kathleen E. Beatty*
                      Kathleen E. Beatty, Esq.
                      Attorneys for Plaintiffs
                      350 Fifth Avenue, Suite 6705
                      New York, New York 10118
                      (917) 344-7032
                      kbeatty@forthepeople.com

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

## SERVICE LIST

**WAL-MART STORES EAST, LP**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

**WALMART INC.**
28 Liberty Street
New York, New York 10005

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
************************************************
WILLIAM WHITE and YVETTE WHITE,

      Plaintiffs,                              **COMPLAINT**

v.

WAL-MART STORES EAST, LP and WALMART INC.,
individually and doing business as WALMART,

      Defendants.
************************************************

       Plaintiffs, by and through their attorneys MORGAN & MORGAN NY PLLC, as and for

their complaint against defendants, alleges, upon information and belief:

### AND AS FOR FIRST CAUSE OF ACTION

       1.     At all times herein relevant, plaintiff WILLIAM WHITE was and has been a

resident of the County of Orange, State of New York.

       2.     At all times herein relevant, plaintiff YVETTE WHITE was and has been a resident

of the County of Orange, State of New York.

       3.     At all times herein relevant, defendant WAL-MART STORES EAST, LP was and

has been a foreign limited partnership, organized and existing under the Laws of the State of New

York.

       4.     At all times herein relevant, defendant WAL-MART STORES EAST, LP

transacted business within the State of New York and/or contracted anywhere to supply goods or

services in the State of New York.

       5.     At all times herein relevant, defendant WAL-MART STORES EAST, LP

committed a tortious act within the State of New York.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

6.     At all times herein relevant, defendant WAL-MART STORES EAST, LP committed a tortious act outside the State of New York causing injury to person or property within the State of New York.

7.     At all times herein relevant, defendant WAL-MART STORES EAST, LP owned, used, or possessed real property situated within the State of New York.

8.     At all times herein relevant, defendant WAL-MART STORES EAST, LP was a company conducting business in the State of New York.

9.     At all times herein relevant, defendant WAL-MART STORES EAST, LP regularly did business, solicited business, engaged in some persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York

10.     At all times herein relevant, defendant WAL-MART STORES EAST, LP expected or should have reasonably expected its acts to have consequences in the State of New York and derviced substantial revenue from interstate or international commerce.

11.     By virtue of the allegations above, defendant WAL-MART STORES EAST, LP is subject to the laws of the State of New York pursuant to CPLR § 302.

12.     At all times herein relevant, defendant WALMART INC. was and has been a foreign business corporation, organized and existing under the Laws of the State of New York.

13.     At all times herein relevant, defendant WALMART INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

14.     At all times herein relevant, defendant WALMART INC. committed a tortious act within the State of New York.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022
RECEIVED NYSCEF: 06/30/2022

15.     At all times herein relevant, defendant WALMART INC. committed a tortious act outside the State of New York causing injury to person or property within the State of New York.

16.     At all times herein relevant, defendant WALMART INC. owned, used, or possessed real property situated within the State of New York.

17.     At all times herein relevant, defendant WALMART INC. was a company conducting business in the State of New York.

18.     At all times herein relevant, defendant WALMART INC. regularly did business, solicited business, engaged in some persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York

19.     At all times herein relevant, defendant WALMART INC. expected or should have reasonably expected its acts to have consequences in the State of New York and derviced substantial revenue from interstate or international commerce.

20.     By virtue of the allegations above, defendant WALMART INC. is subject to the laws of the State of New York pursuant to CPLR § 302.

21.     At all times herein relevant, defendant WALMART INC. was doing business as WALMART.

22.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, owned the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

23.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, was a lessee of the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022
RECEIVED NYSCEF: 06/30/2022

24.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, operated the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

25.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees maintained the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

26.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees cleaned the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

27.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, hired, trained, and retained certain agents, servants, and/or employees to maintain the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

28.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees managed the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

29.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees inspected the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

30.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees controlled the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

31.     On and/or before January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees repaired the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

32.     Before January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees constructed the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

33.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, possessed certain premises commonly known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

34.     On January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agent(s), servant(s), and/or employee(s) was working in an aisle that was in the vicinity of the registers, cashier and/or checkout area at the premises commonly known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

35.     On and/or before January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees performed construction and/or other work on the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

36.     On and/or before January 25, 2022, defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees entered into a contract regarding maintenance, inspection, and/or repair of the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

37.     At all times herein mentioned, it was the duty of defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees to maintain the premises known as Wal-Mart

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950, in a reasonably safe and suitable condition for pedestrians, guests, employees, and patrons.

38.     At all times herein mentioned, it was the duty of defendant WAL-MART STORES EAST, LP, by its agents, servants, and/or employees to perform work in a reasonably safe and suitable manner.

39.     On January 25, 2022, defendant WALMART INC. owned the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

40.     On January 25, 2022, defendant WALMART INC. was a lessee of the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

41.     On January 25, 2022, defendant WALMART INC. operated the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

42.     On January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees maintained the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

43.     On January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees cleaned the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

44.     On January 25, 2022, defendant WALMART INC., hired, trained, and retained certain agents, servants, and/or employees to maintain the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

45.     On January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees managed the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

46.     On January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees inspected the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

47.     On January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees controlled the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

48.     On and/or before January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees repaired the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

49.     Before January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees constructed the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

50.     On January 25, 2022, defendant WALMART INC., possessed certain premises commonly known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

51.     On January 25, 2022, defendant WALMART INC., by its agent(s), servant(s), and/or employee(s) was working in an aisle that was in the vicinity of the registers, cashier and/or checkout area at the premises commonly known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

52.     On and/or before January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees performed construction and/or other work on the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM    INDEX NO. EF003509-2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 06/30/2022

53.    On and/or before January 25, 2022, defendant WALMART INC., by its agents, servants, and/or employees entered into a contract regarding maintenance, inspection, and/or repair of the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

54.    At all times herein mentioned, it was the duty of defendant WALMART INC., by its agents, servants, and/or employees to maintain the premises known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950, in a reasonably safe and suitable condition for pedestrians, guests, employees, and patrons.

55.    At all times herein mentioned, it was the duty of defendant WALMART INC., by its agents, servants, and/or employees to perform work in a reasonably safe and suitable manner.

56.    On January 25, 2022, the plaintiff YVETTE WHITE was lawfully walking within the premises commonly known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

57.    On January 25, 2022, the plaintiff YVETTE WHITE was caused to slip and/or trip and fall inside the Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950, due to dangerous slippery, oily, greasy, wet, slick conditions in a store aisle, thereby causing them to sustain serious injuries and damages.

58.    The plaintiff YVETTE WHITE's injuries and damages were caused solely by defendants' negligence, by causing, creating, and/or permitting dangerous conditions within said premises, which the defendants knew, or should have known, existed and continued to exist within said premises and/or by failing to warn plaintiff of said condition.

59.    The aforementioned incident occurred solely as a result of defendants' negligence without any negligence attributable in any measure to the plaintiff YVETTE WHITE.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

60.     As a result of the negligence and/or recklessness of defendants, their employees, agents, servants, and/or staff, plaintiff YVETTE WHITE was seriously injured and has suffered damages in an amount which excess the monetary jurisdictional limits of all lower New York State Courts.

61.     The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

## AS AND FOR A SECOND CAUSE OF ACTION

62.     Plaintiffs repeat and re-allege all of the paragraphs above as if set forth in their entirety herein.

63.     On January 25, 2022, the plaintiff WILLIAM WHITE was lawfully walking within the premises commonly known as Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950.

64.     On January 25, 2022, the plaintiff WILLIAM WHITE was caused to slip and/or trip and fall inside the Wal-Mart Supercenter #2637, located at 288 Larkin Drive, Monroe, New York, 10950, due to dangerous slippery, oily, greasy, wet, slick conditions in a store aisle, thereby causing them to sustain serious injuries and damages.

65.     The plaintiff WILLIAM WHITE's injuries and damages were caused solely by defendants' negligence, by causing, creating, and/or permitting dangerous conditions within said premises, which the defendants knew, or should have known, existed and continued to exist within said premises and/or by failing to warn plaintiff of said condition.

66.     The aforementioned incident occurred solely as a result of defendants' negligence without any negligence attributable in any measure to the plaintiff WILLIAM WHITE.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022
RECEIVED NYSCEF: 06/30/2022

67.    As a result of the negligence and/or recklessness of defendants, their employees, agents, servants, and/or staff, plaintiff WILLIAM WHITE was seriously injured and has suffered damages in an amount which excess the monetary jurisdictional limits of all lower New York State Courts.

68.    The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR Section 1602 applies.

## AS AND FOR A THIRD CAUSE OF ACTION

69.    Plaintiffs repeat and re-allege all of the paragraphs above as if set forth in their entirety herein.

70.    At all times herein relevant, plaintiffs WILLIAM WHITE and YVETTE WHITE have been lawfully married as husband and wife.

71.    Plaintiff YVETTE WHITE, as the lawful wife of the plaintiff WILLIAM WHITE, is entitled to his companionship, society, and consortium.

72.    As. a result of the injuries sustained by WILLIAM WHITE on January 25, 2022, plaintiff YVETTE WHITE has been deprived of his society, companionship, and consortium and was otherwise required to render to services for his care and cure and as such, has been damaged in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

73.    The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR Section 1602 applies.

## AS AND FOR A FOURTH CAUSE OF ACTION

74.    Plaintiffs repeat and re-allege all of the paragraphs above as if set forth in their entirety herein.

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

75.     At all times herein relevant, plaintiffs WILLIAM WHITE and YVETTE WHITE have been lawfully married as husband and wife.

76.     Plaintiff WILLIAM WHITE, as the lawful husband of the plaintiff, YVETTE WHITE, is entitled to her companionship, society, and consortium.

77.     As. a result of the injuries sustained by YVETTE WHITE on January 25, 2022, plaintiff WILLIAM WHITE has been deprived of her society, companionship, and consortium, and was otherwise required to render to services for her care and cure and as such, has been damaged in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

78.     The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR Section 1602 applies.

**WHEREFORE** plaintiffs demand judgment against defendants, jointly and severally, on each and every cause of action set forth herein in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts and plaintiffs demand such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       June 28, 2022

**MORGAN & MORGAN NY PLLC**

By: /s/ Kathleen E. Beatty

Kathleen E. Beatty, Esq.
Attorneys for Plaintiff
350 Fifth Avenue, Suite 6705
New York, New York 10118

FILED: ORANGE COUNTY CLERK 06/30/2022 09:39 AM

NYSCEF DOC. NO. 1

INDEX NO. EF003509-2022

RECEIVED NYSCEF: 06/30/2022

(917) 344-7032
kbeatty@forthepeople.com

WM 22-574 AB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

WILLIAM WHITE and YVETTE WHITE,                     **Index No.: EF003509-2022**

             Plaintiffs,

    -against-                                    **VERIFIED ANSWER**

WAL-MART STORES EAST, LP and WALMART
INC., individually and doing business as WALMART,

             Defendants.

-----------------------------------------------------------------X

        The defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART STORES

EAST, LP and WALMART INC., individually and doing business as WALMART", by its

attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states

upon information and belief:

### AS TO THE AND AS FOR FIRST CAUSE OF ACTION

        1: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraphs marked "1" and "2" and each and every

part thereof.

        2: Defendant denies the allegations set forth in paragraphs marked "3" and

"4", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership

registered to do and doing business in the State of New York.

        3: Defendant denies the allegations set forth in paragraphs marked "5" and

"6" and each and every part thereof.

FILED: ORANGE COUNTY CLERK 07/19/2022 02:33 PM                    INDEX NO. EF003509-2022
NYSCEF DOC. NO. 2                                               RECEIVED NYSCEF: 07/19/2022

4: Defendant denies the allegations set forth in paragraphs marked "7", "8", "9" and "10", except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

5: The allegations contained in paragraph marked "11" are admitted.

6: Defendant denies the allegations set forth in paragraphs marked "12" and "13", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

7: Defendant denies the allegations set forth in paragraphs marked "14" and "15" and each and every part thereof.

8: Defendant denies the allegations set forth in paragraphs marked "16", "17", "18" and "19", except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

9: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "20" and "21" except admits that WAL-MART STORES EAST, LP is subject to the laws of the State of New York.

10: Defendant denies the allegations set forth in paragraph marked "22" and each and every part thereof.

11: Defendant denies the allegations set forth in paragraph marked "23", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the subject Walmart store.

12: Defendant denies the allegations set forth in paragraph marked "24", except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

FILED: ORANGE COUNTY CLERK 07/19/2022 02:33 PM          INDEX NO. EF003509-2022
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 07/19/2022

13: Defendant denies the allegation set forth in paragraphs marked "25", "26", "27", "28", "29", "30", "31" and "32" and refers all questions of law to the trial court.

14: Defendant denies the allegations set forth in paragraph marked "33", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the subject Walmart store.

15: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "34", "35" and "36" and each and every part thereof.

16: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "37" and "38" and refers all questions of law to the trial court.

17: Defendant denies the allegations set forth in paragraph marked "39" and each and every part thereof.

18: Defendant denies the allegations set forth in paragraph marked "40", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the subject Walmart store.

19: Defendant denies the allegations set forth in paragraph marked "41", except admits that WAL-MART STORES EAST, LP is the operator of the subject Walmart store.

20: Defendant denies the allegation set forth in paragraphs marked "42", "43", "44", "45", "46", "47", "48" and "49" and refers all questions of law to the trial court.

FILED: ORANGE COUNTY CLERK 07/19/2022 02:33 PM   INDEX NO. EF003509-2022
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 07/19/2022

21: Defendant denies the allegations set forth in paragraph marked "50", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the subject Walmart store.

22: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "51", "52" and "53" and each and every part thereof.

23: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "54" and "55" and refers all questions of law to the trial court.

24: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "56" and "57" and each and every part thereof.

25: Defendant denies the allegations set forth in paragraphs marked "58", "59" and "60" and each and every part thereof.

26: Defendant denies the allegation set forth in paragraph marked "61" and refers all questions of law to the trial court.

## AS TO THE SECOND CAUSE OF ACTION

27: Defendant repeats and reiterates each and every denial in answer to the prior paragraphs of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "62" and each and every part thereof.

28: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "63" and "64" and each and every part thereof.

29: Defendant denies the allegations set forth in paragraphs marked "65", "66" and "67" and each and every part thereof.

30: Defendant denies the allegation set forth in paragraph marked "68" and refers all questions of law to the trial court.

### AS TO THE THIRD CAUSE OF ACTION

31: Defendant repeats and reiterates each and every denial in answer to the prior paragraphs of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "69" and each and every part thereof.

32: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "70", "71" and "72" and each and every part thereof.

33: Defendant denies the allegation set forth in paragraph marked "73" and refers all questions of law to the trial court.

### AS TO THE FOURTH CAUSE OF ACTION

34: Defendant repeats and reiterates each and every denial in answer to the prior paragraphs of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "74" and each and every part thereof.

35: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "75", "76" and "77" and each and every part thereof.

36: Defendant denies the allegation set forth in paragraph marked "78" and refers all questions of law to the trial court.

FILED: ORANGE COUNTY CLERK 07/19/2022 02:33 PM          INDEX NO. EF003509-2022
NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 07/19/2022

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART STORES EAST, LP and WALMART INC., individually and doing business as WALMART", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
     July 18, 2022

FILED: ORANGE COUNTY CLERK 07/19/2022 02:33 PM INDEX NO. EF003509-2022
NYSCEF DOC. NO. 2                                                                    RECEIVED NYSCEF: 07/19/2022

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant


By:      s/
         PATRICIA A. O'CONNOR
         7 Bayview Avenue
         Northport, New York  11768
         (631) 261-7778
         File No.: WM 22-574 AB

TO:    MORGAN & MORGAN NY PLLC
       Attorneys for Plaintiffs
       350 Fifth Avenue, Suite 6705
       New York, New York 10118
       (917) 344-7032

FILED: ORANGE COUNTY CLERK 07/19/2022 02:33 PM       INDEX NO. EF003509-2022
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 07/19/2022

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
        July 18, 2022

                        s/
                        PATRICIA A. O'CONNOR